**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

DEBORAH DONOGHUE

Plaintiff(s)

v.

ECOSPHERE TECHNOLOGIES, INC., et al.,

Nominal Defendant(s)

and

WILLIAM O. BRISBEN, and
BRISBEN WATER SOLUTIONS, LLC.

Defendants.
_____________________________________/

CASE NUMBER

2:17-cv-14063-KAM

**DEFENDANTS BRISBEN AND BRISBEN WATER SOLUTIONS, LLC ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendants, WILLIAM O. BRISBEN and BRISBEN WATER SOLUTIONS, LLC (hereafter collectively "Brisben" or "Brisben Defendants"), by and through undersigned counsel, answer the Complaint of Plaintiff, Deborah Donoghue, and assert defenses thereto, as follows:

**NATURE OF ACTION**

1. Admitted that Plaintiff purports to bring this action under Section 16(b) of the Securities Exchange Act of 1934, as amended. The remainder of this paragraph is denied, and Brisben Defendants specifically deny Section 16(b) violations occurred or that Plaintiff is entitled to recover any damages, including, but not limited to "short-swing" profits as alleged.

2. Admitted that Section 16(b) and subsequent interpretive case law speak for themselves. The remainder of this paragraph is denied including Plaintiff's legal arguments regarding Section 16(b).

3. Admitted that William O. Brisben owns a controlling interest in Brisben Water Solutions, LLC, but otherwise denied as to all other material allegations of this paragraph.

4. Brisben Defendants admit having participated in various transactions involving Ecosphere but specifically deny all other material allegations of this paragraph.

**JURISICTION AND VENUE**

5. Brisben Defendants admit jurisdiction is vested in this Court but otherwise deny there is a sufficient factual predicate or liability on their part to warrant exercise of such jurisdiction.

6. Brisben Defendants deny all venue allegations of this paragraph. Venue has been transferred to the United States District Court of the Southern District of Florida and lies within the Fort Pierce Division by local rule.

**THE PARTIES**

7. Without knowledge and therefore denied.

8. Brisben Defendants admit that Ecosphere is a Delaware corporation having its principal office located in Stuart, Martin County, Florida, but deny that Plaintiff has a right to bring this action for Ecosphere's benefit. Brisben Defendants are without knowledge as to all other material allegations of this paragraph which are therefore denied.

9. Admitted that William O. Brisben is a resident of Florida and Manager of Brisben Water Solutions, LLC, a Florida limited liability company of which he has an ownership interest therein. Admitted further that the Brisben Defendants either reside or maintain a principal office

at 23 North Beach Road, Jupiter Island, Florida located in Martin County. The remainder of the material allegations of this paragraph are denied.

## STATUTORY REQUISITES

10. Without knowledge and therefore denied.

11. Denied.

12. Denied.

13. Brisben Defendants deny Ecosphere had any obligation to pursue a Section 16(b) claim and are without knowledge as to all other remaining allegations of this paragraph which are therefore denied.

14. Denied.

## FACTUAL ALLEGATIONS

15. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

16. Admitted to the extent the applicable SEC rules speak for themselves but the remainder of these allegations are denied. Brisben Defendants deny Plaintiff's characterizations of the subject transaction form a basis for Section 16(b) liability, and further deny the legal arguments and conclusions set out in this paragraph.

17. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

18. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

19. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben

Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

20. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

21. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

22. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the

relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

23. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

24. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

25. Admitted to the extent the applicable SEC rules speak for themselves but the remainder of these allegations are denied. Brisben Defendants deny Plaintiff's characterizations of the subject transaction form a basis for Section 16(b) liability, and further deny the legal arguments and conclusions set out in this paragraph.

26. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

27. Admitted to the extent the applicable SEC rules speak for themselves but the remainder of these allegations are denied. Brisben Defendants deny Plaintiff's characterizations of the subject transaction form a basis for Section 16(b) liability, and further deny the legal arguments and conclusions set out in this paragraph.

28. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

29. Admitted to the extent the applicable SEC rules speak for themselves but the remainder of these allegations are denied. Brisben Defendants deny Plaintiff's characterizations

of the subject transaction form a basis for Section 16(b) liability, and further deny the legal arguments and conclusions set out in this paragraph.

30. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

31. Admitted to the extent the applicable SEC rules speak for themselves but the remainder of these allegations are denied. Brisben Defendants deny Plaintiff's characterizations of the subject transaction form a basis for Section 16(b) liability, and further deny the legal arguments and conclusions set out in this paragraph.

32. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

33. Admitted to the extent the applicable SEC rules speak for themselves but the remainder of these allegations are denied. Brisben Defendants deny Plaintiff's characterizations of the subject transaction form a basis for Section 16(b) liability, and further deny the legal arguments and conclusions set out in this paragraph.

34. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

35. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

36. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference

therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

37. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

38. Brisben Defendants admit being parties to certain agreements with Ecosphere, the nature of which and the date(s) thereof are as set out in the relevant documents which speak for themselves. The documents are not attached to the Complaint nor incorporated by reference therein. Accordingly, Brisben Defendants are unable to admit or deny the material terms or conditions of the documents referenced in this paragraph, but would specifically deny that the relevant documents form a factual basis or predicate for Section 16(b) liability. Brisben Defendants would further deny Plaintiff's characterizations of the subject transaction as well as the legal arguments and conclusions set out in this paragraph.

**FIRST CLAIM FOR RELIEF**

39. Brisben Defendants realleged and reaver their responses to Paragraphs 1 through 38 above as if fully set forth herein.

40. Brisben Defendants admit to having an interest in certain shares of Ecosphere but otherwise deny all other material allegations of this paragraph, and specifically deny that a "sale" of stock occurred.

41. Brisben Defendants admit to having an interest in certain shares of Ecosphere but otherwise deny all other material allegations of this paragraph, and specifically deny that a "sale" of stock occurred.

42. Denied.

43. Denied.

**SECOND CLAIM FOR RELIEF**

44. Denied.

45. Denied.

46. Brisben Defendants specifically deny that any sales of stock occurred sufficient to trigger Section 16(b) liability and deny all remaining allegations of this paragraph.

47. Brisben Defendants specifically deny that any sales of stock occurred sufficient to trigger Section 16(b) liability and deny all remaining allegations of this paragraph.

48. Brisben Defendants deny each and every material allegation of the Complaint not otherwise admitted above.

**DEFENDANT BRISBEN AND BRISBEN WATER SOLUTIONS, LLC AFFIRMATIVE DEFENSES**

Defendants, WILLIAM O. BRISBEN, and BRISBEN WATER SOLUTIONS, LLC (hereafter collectively "Brisben" or "Brisben Defendants"), asserts the following defenses to the Complaint, to-wit:

1. As a First Affirmative Defense, Brisben Defendants would assert that all or some of the complained of transactions set out in the Complaint are exempt from Section 16(b) under Exchange Act Rule 16b-6(d) as a matter of fact and law.

2. As a Second Affirmative Defense, Brisben Defendants would allege that no profits were realized as a result of the complained of transactions as a matter of fact and law, and further, that calculations thereof under Rule 16b-6 would demonstrate that no profits were realized under applicable SEC rules and interpretive case law.

3. As a Third Affirmative Defense, Brisben Defendants would assert that even if profits were calculable, they would not be recoverable for the reasons set out in SEC Release No. 34-26333, et. seq., and other applicable SEC rules, since they did not result from changes in the price of Ecosphere's common stock and further, that circumstances exist such that the realization of "profit" as calculated by Plaintiffs is so abstract so as to limit the appropriate scope of remedial action under Section 16(b).

4. As a Fourth Affirmative Defense, Brisben Defendants allege that the amendments Plaintiff complains of did not involve or result in "sales" of Ecosphere equity securities as defined by applicable SEC rules or interpretative cases, nor were the amendments to the securities described in the complaint "material amendments" as a matter of law.

5. As a Fifth Affirmative Defense, Brisben Defendants would allege that there were material conditions precedent to their right, if any, to convert to shares or exercise warrants, and that said conditions or circumstances were beyond their control, such that the company could not issue common shares due to an insufficient amount of authorized common stock thus preventing some or all of the securities from constituting equity securities of Ecosphere or derivative securities as defined in Rule 16a-1 and therefore precluding liability under applicable SEC rules and interpretative case law.

6. As a Sixth Affirmative Defense, Brisben Defendants would allege that as a result of the company lacking the ability to issue additional common stock as set out in the transaction documents, the Brisben Defendants would either fail to qualify as a ten percent owner or "insider" as such terms are defined under SEC rules or interpretative case law, or alternatively, that the conversion rights of said defendants set out in the documents would not be a "sale" of a security giving rise to Section 16(b) liability.

7. As a Seventh Affirmative Defense, Brisben Defendants allege that Plaintiff's claims are barred in whole or in part for failure to state a claim on which relief can be granted, or alternatively, that Plaintiff has failed to set forth sufficient material facts to support claims against the Brisben Defendants, including a failure to plead that all conditions precedent have occurred, been complied with, or waived.

8. As an Eighth Affirmative Defense, Brisben Defendants allege that some or all of Plaintiffs claims may be barred by the applicable statute of limitations.

9. Brisben Defendants reserve the right to amend these Affirmative Defenses in accordance with applicable Federal rules of procedure upon discovery of additional facts and circumstances made known to them as discovery progresses.

WHEREFORE, the Brisben Defendants having fully answered the Complaint, and having asserted the above defenses, respectfully pray that the Court enter judgment as a matter of law in their favor, award all costs incurred, and grant such other and further relief in denying Plaintiff's claims as the circumstances dictate.

Dated: April 17, 2017

Respectfully submitted,

By:_/s/ *Robert V. Schwerer*________

ROBERT V. SCHWERER, ESQUIRE
Florida Bar. No. 320315
schwererlaw@aol.com
JAMES T. WALKER, ESQUIRE
Florida Bar No. 207284
jimw@jimwalkerlaw.com
HAYSKAR, WALKER, SCHWERER
DUNDAS & MCCAIN, P.A.
Renaissance Financial Center
130 South Indian River Drive, Suite 304
Fort Pierce, FL 34950
(772) 461-2310
(772) 461-6790 (Fax)
Attorneys for Defendants,
William O. Brisben and
Brisben Water Solutions, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendants Brisben and Brisben Water Solutions, LLC Answer and Affirmative Defenses to Complaint, was served on all counsel or parties of record on April 17, 2017 by ECF, on the below service list.

/s/ *Robert V. Schwerer*
Robert V. Schwerer, Esquire
Fla. Bar No. 320315
schwererlaw@aol.com
James T. Walker, Esquire
Fla. Bar No. 207284
HAYSKAR, WALKER, SCHWERER
DUNDAS & MCCAIN, P.A.
130 South Indian River Drive – Suite 304
Fort Pierce, FL 34950
(772)461-2310
Attorneys for Defendant
William O. Brisben and
Brisben Water Solutions, LLC

**SERVICE LIST**

Miriam Tauber, Esquire
MIRIAM TAUBER LAW PLLC
885 Park Avenue 2A
New York, NY 10075
miriamtauberlaw@gmail.com

Attorney for Plaintiff

David Lopez, Esquire
171 Edge of Wood Road
P.O. Box 323
Southampton, NY 11969-0323
DavidLopezEsq@aol.com

Attorney for Plaintiff

John S. Seligman
FRIEDMAN & FRIEDMAN
2600 S. Douglas Rd. Suite 1011
Miami, FL 33134
(305)446-6485
john@friedmantriallawyers.com

Local Counsel for Plaintiff Donoghue